IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOBLE FIBER TECHNOLOGIES, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-1855 |
| v. | (JUDGE CAPUTO) |
| ARGENTUM MEDICAL, LLC, *a Delaware Limited Liability Company*, ARGENTUM INTERNATIONAL, LLC, *a Georgia Limited Liability Company*, ARGENTUM RESEARCH, INC., *a Georgia Corporation*, and TOM MILLER, | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is Defendants' Motion to Dismiss (Doc. 13). Defendants move to dismiss Plaintiff's Amended Complaint pursuant to Rules 12(b)(1), 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, I will grant the motion.

## BACKGROUND

Plaintiff, Noble Fiber Technologies ("Noble") markets and distributes a silver fiber which is incorporated into fabrics for medical uses. (Doc. 3, ¶ 1.) Noble is a Pennsylvania limited liability corporation with its principal place of business located in Scranton, Pennsylvania. *Id.*

Defendant Argentum Medical is a Delaware limited liability corporation which also sells products incorporating silver fiber, under the name Silverlon, and has its principal place of business in Willowbrook, Illinois. (Doc. 3, ¶ 2.) Defendant Argentum

1

International is a Georgia limited liability corporation with its principal place of business in Lakemont, Georgia. (Doc. 3, ¶ 3.) Defendant Argentum Research is a Georgia corporation with its principal place of business in Lakemont, Georgia. (Doc. 3, ¶ 4.) Defendant Tom Miller is purportedly an agent of Argentum Medical, Argentum International, and Argentum Research. (Doc. 3, ¶ 5.)

Argentum International is alleged to be the current assignee of U.S. Patent No. 6,087,549 ("the '549 Patent"), U.S. Patent No. 6,861,570 ("the '570 Patent") and U.S. Patent Application 09/613,961 ("the '961 Application"). (Doc. 3, ¶ 3.) In addition, Argentum Medical is alleged to be the exclusive licensee of the '570 Patent and the '961 Application. (Doc. 3, ¶ 6.) The '570 Patent is a continuation of the '549 Patent, and the '961 Application is a child patent of the '549 Patent. (Doc. 3, ¶¶ 11-13, 25.) It is undisputed that the '961 Application had not issued as a patent as of September 13, 2005.

According to Plaintiff, the Defendants' conduct and correspondence pertaining to claims covered by the '549 Patent, the '570 Patent and the '961 Application have placed Noble in apprehension of an infringement suit. (Doc. 3, ¶ 31.) In particular, Noble alleges that Argentum Medical, Argentum Research, and Tom Miller accused Julius Zorn, Inc. ("Juzo") of infringing "Silverlon's patents" through Juzo's incorporation of silver fiber fabrics developed by Noble into Juzo's products. (Doc. 3, ¶¶ 17-18.) Plaintiff further alleges that Tom Miller represented to Juzo that William McNally, President and CEO of Noble Fiber, knows that Noble's products infringe "Silverlon's patents" but will not inform Juzo of the infringement. (Doc. 3, ¶¶ 19-20.) Tom Miller also stated, however, that Argentum would not pursue Juzo for infringement since it did not sell compression wound

dressings.  (Doc. 3, ¶ 21.)  Further, Tom Miller is alleged to have stated to Juzo that Johnson & Johnson is infringing Argentum's patent rights, but that Argentum would not pursue Johnson & Johnson because it is too big to sue.  *Id.*

Next, Noble alleges that on June 30, 2005, Tom Miller sent an email to J & D Wilkie, Ltd, a company who had considered utilizing Noble's silver fiber technology in some of its textile products.  (Doc. 3, ¶¶ 22-23.)  The email allegedly stated that "Noble Fiber will be infringing on Argentum's IP if they promote or sell a silver fiber for physiological condition."  *Id.*  The email did not clearly mention either the '570 patent or the '961 Application.

Then, on April 8, 2005, Argentum Medical allegedly sent a letter to Noble ("April 8th Letter").  (Doc. 3, ¶ 24.)  The letter, as submitted by the Defendants, is addressed to Noble's affiliate, Sauquoit Industries, and states in relevant part:

> [Your] product or products appear to share many if not all of the features of the subject matter claimed in U.S. Patent No. 6,861,570. Accordingly, Argentum Medical invites you or your representative to contact the undersigned to explore possible licensing opportunities with regard to U.S. Patent No. 6,861,570 and related patents and patent applications.
>
> Alternatively, Argentum Medical invites you to provide written comments on which features of the subject matter claimed in U.S. Patent No. 6,861,570 are not found in your product or products.

(Doc. 14, Ex. 1.)  On May 11, 2005, Argentum Medical allegedly wrote Noble a virtually identical letter concerning the claims contained in the '961 Application ("May 11th Letter").  (Doc. 3, ¶¶ 26.)    On September 13, 2005, Plaintiff filed a Complaint (Doc. 1) in this Court.  On October 21, 2005, Plaintiff filed an Amended Complaint seeking a

3

declaratory judgment regarding the '549 Patent and the '570 Patent; and alleging violations of the Lanham Act, 15 U.S.C. § 1125, and Pennsylvania law.  (Doc. 3.)

According to Defendants on October 3, 2005, in the interim between complaints, Defendants' counsel wrote a letter to Plaintiff's counsel stating that Noble's single-layered silver nylon wound dressings "would not infringe Argentum's '570 Patent, which covers certain multi-layered wound dressings" ("October 3rd Letter").  (Doc. 14, Ex. 2.)

Following the filing of the Amended Complaint, on February 3, 2006, Defendants filed the present Motion to Dismiss (Doc. 13).  Plaintiff filed a Brief in Opposition (Doc. 20), along with supporting Declarations from Vandana Koelsch (Doc. 18) and William McNally (Doc. 19) on March 6, 2006.  Defendants submitted a Reply Brief (Doc. 30) on March 16, 2006.  This motion is, therefore, fully briefed and ripe for disposition.

## LEGAL STANDARDS

### a. Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for dismissal of an action where the court lacks jurisdiction over the subject matter of that action.  FED. R. CIV. P 12(b)(1).  A defendant may challenge the existence of subject matter jurisdiction in one of two ways.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  A defendant may assert a "facial challenge to jurisdiction, asserting that plaintiffs' complaint, on its face does not allege sufficient [grounds] to warrant the [C]ourt in taking jurisdiction."  *Cardio-Medical Assoc., Ltd. v. Crozer-Chester Med. Ctr.*, 721 F.2d 68, 75 (3d Cir. 1983).  In the alternative, a defendant may assert a factual attack on the jurisdictional allegations in the complaint.  *Gould Elecs., Inc. v. United States*, 220 F.3d

169, 176 (3d Cir. 2000).

The Court is not bound to the four corners of the complaint when determining whether it possesses the power to hear the case. *See Gotha v. United States*, 115 F.3d 176, 178-79 (3d Cir. 1977) (citing *Mortensen*, 549 F.2d at 891). Rather, the Court is permitted to weigh the available evidence to determine whether subject matter jurisdiction exists. *Mortensen*, 549 F.2d at 891. In doing so, the Court must "satisfy itself as to the existence of its power to hear the case." *Id.*

### b. Rule 12(b)(2)

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for dismissal of an action where the district court lacks personal jurisdiction over the defendant. In deciding a motion to dismiss for lack of in-personam jurisdiction, the court generally must take as true the allegations contained in the complaint. *See Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996) (citations omitted). However, it is the plaintiff that bears the burden of proving, by affidavits or other competent evidence, that the court may properly assert jurisdiction over the defendant. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 689 (3d. Cir 1990).

### c. Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting all factual allegations in the complaint as true and "drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the allegations in the complaint." *Trump*

*Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint and matters of public record.  *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents where the plaintiff's claims are based on the documents and the defendant has attached a copy of the document to the motion to dismiss.  *Id.*  The Court need not assume that the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 263 (3d Cir. 1998), nor credit a complaint's "bald assertions" or "legal conclusions."  *Morse v. Lower Marion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether the plaintiff is entitled to offer evidence in support of the claims.  *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).  The Court does not consider whether the plaintiff will ultimately prevail.  *See id.*  In order to survive a motion to dismiss, the plaintiff must set forth information from which each element of a claim may be inferred.  *See Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  The defendant bears the burden of establishing that the plaintiff's complaint fails to state a claim upon which relief can be granted.  *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## DISCUSSION

Defendants first move to dismiss Counts I, II, III, IV, V, and VI of the Amended Complaint, Plaintiff's claims for declaratory relief, pursuant to Rule 12(b)(1).

**1.      Declaratory Judgment - Actual Controversy**

An actual controversy must be present before a declaratory judgment action is ripe for adjudication. *Shell Oil Co. v. Amoco Corp.*, 970 F.2d 885, 887 (Fed. Cir. 1992); 28 U.S.C. § 2201. As such, declaratory justiciability of patent disputes requires:

> both (1) an explicit threat or other action by the patentee, which creates a reasonable apprehension on the part of the declaratory plaintiff that it will face an infringement suit, and (2) present activity which could constitute infringement or concrete steps taken with the intent to conduct such activity.

*BP Chems. v. Union Carbide Corp.*, 4 F.3d 975, 978 (Fed. Cir. 1993) (citing *Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1398-99 (Fed. Cir. 1984)). Furthermore, an actual controversy "must be extant at all stages of review, not merely at the time the complaint is filed." *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855 (Fed. Cir. 1999) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).

In the present case, the parties dispute only the first prong discussed above. Therefore, the Court will only address whether Plaintiff has been placed in reasonable apprehension of an infringement suit.

**a.      Reasonable Apprehension**

**i.      Explicit Threat, or Totality of the Circumstances**

Initially, courts look for an explicit threat of suit. *NutraSweet Co. v. Ajinomoto Co.*, 423 F. Supp. 2d 450, 455 (D. Del. 2006) (citing *Gen-Probe v. Vysis, Inc.*, 359 F.3d 1376, 1380 (Fed. Cir. 2004)). In the absence of an explicit threat, the Court "must look to the totality of the circumstances to determine if an actual controversy exists." *Shell Oil*, 970 F.2d at 888. For the following reasons, I find that there is neither an explicit threat of suit

nor a totality of the circumstances in the present case sufficient to demonstrate the presence of an actual controversy between the parties.

First, assuming all facts in favor of the Plaintiff, the April 8th Letter sent to Noble is insufficient to create a reasonable apprehension of suit.  A "patentee's statement that it intend[s] to enforce [its] patent [has been] held not to create a reasonable apprehension of suit."  *NutraSweet Co.*, 423 F. Supp. 2d at 454 (quoting *Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha*, 57 F.3d 1051, 1054 (Fed. Cir. 1995)).  Likewise, "the offer of a patent license does not create an actual controversy."  *NutraSweet Co.*, 423 F. Supp. 2d at 454 (citing *Phillips Plastics Corp.*, 57 F.3d at 1053).  Therefore, the April 8th Letter fails to demonstrate an explicit threat of suit.

Second, the May 11th Letter to Noble also fails to establish an actual controversy between the parties.  There can be no actual controversy when a patent applicant threatens to enforce an application which has not yet issued.  *GAF Building Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 482 (Fed. Cir. 1996).  The May 11th Letter pertained only to the '961 Application which had not issued, therefore any threat contained within the letter was based in the future and cannot sustain a reasonable apprehension of suit.

Third, the comments directed to Noble's actual and potential customers do not sufficiently support a reasonable apprehension of suit given the totality of the circumstances in the present case.  In particular, the comments to Juzo regarding possible infringement by Noble were accompanied by an express statement that Argentum would not pursue Juzo for infringement.  Further, the email to J & D Wilkie, Ltd,

is in future tense. Namely, the email states that "Noble Fiber will be infringing on Argentum's IP if they promote or sell a silver fiber for physiological condition." (Doc. 3, ¶¶ 22-23.) It is unclear whether the email pertains to the '570 patent or the '961 Application. Any claims regarding future rights under the '961 Application are not timely before this Court. *See GAF Building Materials*, 90 F.3d at 482. Moreover, the Court is persuaded that the October 3rd Letter between counsel sufficiently removed any possible controversy regarding Noble's infringement of the '570 Patent. *See Super Sack Mfgr. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1059 (Fed. Cir. 1995). Defendants have now, on multiple occasions, articulated that they have no interest in asserting the '570 patent against any single layer product.

In the absence of an explicit threat of suit, and considering the totality of the circumstances, I find that Noble has not been placed in reasonable apprehension of suit. As such, Counts I through VI of the Amended Complaint will be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**2.    Lanham Act, 15 U.S.C. § 1125(a)(1)(B); Tortious Interference with Contractual Relations; and Common Law Commercial Disparagement**

Defendants, next, move to dismiss Plaintiff's remaining claims for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, I will grant Defendants' motion.

**a.    Bad Faith**

Plaintiff's remaining claims allege violations of Pennsylvania state law, as well as the false advertising branch of the Lanham Act, 15 U.S.C., § 1125(a)(1)(B).

In order to prove a violation under the Lanham Act, Plaintiff must allege and ultimately prove: (1) that the defendant made a false or misleading statement of fact in commercial advertising or promotion about the plaintiff's goods or services; (2) that the statement actually deceives or is likely to deceive a substantial segment of the intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; (4) that the defendant caused the statement to enter interstate commerce; and (5) that the statement results in actual or probable injury to the plaintiff. *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1348 (Fed. Cir. 1999). Further, "[a]bsent bad faith, there can be no violation of the Lanham Act in such a context because a patent holder is entitled to enforce its rights, which include threatening alleged infringers with suit." *ISCO Int'l, Inc. v. Conductus, Inc.*, 279 F. Supp. 2d 489, 504 (D. Del. 2003). In addition, Plaintiff's state law tort claims also require allegations and ultimately proof of bad faith, in order "to avoid patent law preemption . . ., even if bad faith is not otherwise an element of the tort claim." *Id.* at 506 n.8. Lastly, Plaintiff's remaining claims are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure and, as such, require Plaintiff to state its allegations with particularity. FED. R. CIV. P. 9(b)

Defendants argue, specifically, that Plaintiff has failed to allege the necessary element of bad faith with particularity. Plaintiff counters that it has expressly described: (1) Tom Miller's statements to Juzo and Wilkie; (2) that Defendant Miller's statements were false; (3) that Noble alleged that Defendant Miller made the statements in bad faith knowing they were false; and (4) Noble has asserted that it is not infringing the '549 Patent, the '570 Patent or the '961 Application and has alleged that the '549 Patent and

the '570 Patent are invalid and unenforceable. I find these allegations to be conclusory and insufficient to allege bad faith with the particularity necessary under Rule 9(b). There are no facts alleged within the Amended Complaint demonstrating why the statements were false or how Defendant Miller knew that the statements were false. Absent such a showing, Defendant Miller's statements cannot demonstrate bad faith. *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998) ("In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights. Indeed, a patentee, acting in good faith on its belief as to the nature and scope of its rights, is fully permitted to press those rights 'even though he may misconceive what those rights are.'")(quoting *Kaplan v. Helenhart Novelty Co.*, 182 F.2d 311, 314 (2d Cir. 1950)).

As such, I find that Plaintiff has failed to sufficiently plead the necessary element of bad faith and I will grant Defendants' motion to dismiss Plaintiff's remaining claims pursuant to Rule 12(b)(6).

**CONCLUSION**

First, in the absence of an explicit threat of suit, and considering the totality of the circumstances, I find that Noble has not been placed in reasonable apprehension of suit. As such, Counts I through VI of the Amended Complaint seeking declaratory judgment will be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Second, I find that Plaintiff has failed to sufficiently plead the necessary element of

bad faith and I will grant Defendants' motion to dismiss Plaintiff's remaining claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

All claims in the Amended Complaint will be dismissed and I need not reach Defendants' arguments pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

An appropriate Order will follow.

| | |
|---|---|
| June 27, 2006 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NOBLE FIBER TECHNOLOGIES, LLC, | |
| Plaintiff, | CIVIL ACTION NO. 3:05-CV-1855 |
| v. | |
| ARGENTUM MEDICAL, LLC, et al., | (JUDGE CAPUTO) |
| Defendants. | |

**ORDER**

**NOW**, this    27th    day of June, 2006, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (Doc. 13) is **GRANTED**.

                                          /s/ A. Richard Caputo
                                          A. Richard Caputo
                                          United States District Judge